PER CURIAM:
Claimant, Brendalou L. Samuel, seeks an award from the respondent for property loss in a breaking and entering which took place about 3:00 a.m. on May 5, 1992, in Towers Residence Hall, West Virginia University, a facility of the respondent located in the city of Morgantown.
From the evidence adduced at the hearing on October 15, 1992, it appears that during a prank fire alarm, a camera and other camera equipment belonging to claimant was stolen. The stolen property was worth $780.00.
The claimant testified that she was awakened by a prank fire alarm in the middle of the night during finals week and she left her room, after locking her door, to exit the building. Upon returning to her room, she noticed that her door was open and that her watch was not on her desk where she had left it and her chemistry book was missing. The next day, she noticed that her camera was also missing. She reported the theft to the Department of Public Safety for the University. The stolen property has not been recovered.
Malanie J. Cook, Assistant Director for Residence Life, West Virginia University, testified that she is familiar with the normal procedures for matters surrounding fire alarms at the residence halls, and the resident assistants (RAs) are supposed to knock on the doors of the rooms and tell the students to evacuate the building. She also testified that prank fire alarms are common during finals week.
The Court takes judicial notice of page 10 of the booklet, Residential Living, which is part of the contract between the resident student and West Virginia University Department of Housing and Residence Life, which states:
West Virginia University does not assume responsibility for personal accident, injury or illness sustained by residents, guests, or visitors; nor for damage, theft, or loss of personal property...
The Court finds, as a matter of fact, that respondent is not responsible for the loss of the personal property of the claimant under the above-mentioned contract section; and the claim must be denied due to lack of proof of negligence on the part of the respondent by a preponderance of the evidence.
*221 Claim disallowed.